OPINION
Defendant-Appellant, Sarah L. Kerner ("Kerner"), appeals from a Putnam County Common Pleas Court decision awarding damages to Plaintiffs-Appellees, Stacey and Michael Meyer ("Appellees"), for her breach of a land installment contract entered into between the parties. Kerner asserts that the trial court erred both in awarding Appellees damages for installment payments not received subsequent to her vacation of the property and in not granting her timely request for leave to file an amended answer and counterclaim. Because Kerner's obligation to pay monthly installments did not terminate until Appellees canceled the contract pursuant to R.C. 5301.331, she was liable for the interim months between her abandonment and the subsequent cancellation. Moreover, the record clearly reflects that the trial court did indeed grant Kerner's request for leave to file an amended answer and counterclaim.
Facts and procedural history pertinent to this appeal are as follows. On June 19, 1998, Kerner and Appellees entered into a land installment contract involving residential property located in Ottawa Township, Putnam County, Ohio, which was recorded on June 22, 1998. The purchase price of the property was set at $87,500 with a $2,500 down payment. The remaining $85,000 was to be paid in monthly installments of $632 commencing on July 1, 1998, and ending with a balloon payment for the remainder on August 1, 1999. Upon receipt of the balloon payment, Appellees were to convey, by general warranty deed, fee simple title to the property.
Appellees conveyance of title to the property did not occur as planned because the parties began negotiations about repairs needed to the swimming pool that Kerner thought should be completed prior to her final purchase; thus, the balloon payment was never paid. Instead, the parties agreed that Kerner would continue paying the $632 monthly installments. In June 2001, Appellees learned that Kerner moved from the property and would not be making further payments. Therefore, on June 10, 2001, Appellees entered the premises to make minor repairs and, then, put the property on the market for sale.
Subsequently, Appellees found a buyer for the residence, and, on November 30, 2000, requested a quit-claim deed from Kerner to relinquish any claim she had to the property. Appellees sold the residence for $78,000.
On March 15, 2001, Appellees filed a complaint for breach of contract in the Putnam County Common Pleas Court against Kerner. After denying Kerner's Motion to Dismiss and Motion for Summary Judgment, the trial court awarded Appellees damages for unpaid installments in the amount of $3,160 for the months of July, August, September, October, and November 2000. From this decision, Kerner appeals, asserting two assignments of error for our review.
 Assignment of Error I
"The trial court erred when it awarded damages in excess of those amounts contractually agreed upon between the parties pursuant to the land installment contract."
 In her first assignment of error, Kerner contends that the trial court erred in awarding damages attributable to the time period subsequent to her vacation of the premises and prior to her transferring the quitclaim deed to Appellees. However, for the following reasons we disagree.
Kerner maintains that, pursuant to the terms of the parties land installment contract, once Appellees regained possession of the premises her duties and obligations under the contract were void because the contract contained a liquidated damages clause limiting recovery to the monies received prior to the contract's termination. The section of the contract relating to liquidated damages states as follows:
 " If the BUYER * * * shall fail to comply with any of the terms and conditions hereof, then all of the installments and amounts remaining unpaid shall become immediately due and payable, and the SELLER may, at his option, terminate this agreement without demand on or notice to the BUYER; on such terminations all payments made by the BUYER hereunder may be retained by the SELLER as fixed and liquidated damages * * * and this agreement shall be void; and all right, title and interest claim and demand of the BUYER in and to THE PREMISES shall cease."[1]
The contract further provides that Appellees' remedies thereunder "are not exclusive" and that they may pursue at their election "all other legal or equitable remedies."
Herein, the evidence supports that Kerner abandoned the premises and tendered the property to Appellees. In response thereto, Appellees reentered the property, and Kerner asserts that their reentry amounts to an election to terminate the agreement, thereby implicating the liquidated damages clause. Although Kerner's abandonment terminated her rights under the contract, Appellees' reentry in response thereto does not, in these circumstances, automatically amount to an election of remedies under the contract.[2] Moreover, no evidence was produced indicating that Appellees had elected to terminate the contract or retain any past installments as liquidated damages when they regained possession after her abandonment. Without making such election, the above quoted provision is not triggered; accordingly, Appellees were not limited to liquidated damages but were free to pursue other remedies provided by law.[3]
In this instance, Appellees chose to cancel the contract pursuant to R.C. 5301.331, the statute governing cancellations, releases, and assignments of land contracts.[4] R.C. 5301.331 provides for cancellation of land installment contracts by stating that "a land contract which is recorded in the office of the county recorder may * * * be cancelled * * * by deed." Pursuant to this section, Appellees requested and received a quitclaim deed for the property from Kerner on November 30, 2000, which, at that point, terminated her contractual obligations under the contract. Although the quitclaim deed acted to terminate any future obligations under the contract, nothing in the record suggests that the parties intended it as a release of Kerner's obligation for unpaid installments for the preceding months. As such, the trial court did not err in awarding Appellees an amount equal to the monthly installments provided under the contract for the months of July, August, September, October, and November 2000.
For the aforementioned reasons, Kerner's first assignment of error is overruled.
 Assignment of Error II
"The trial court erred as a matter of law when it denied the appellant's timely request for leave to file a counterclaim."
 Kerner argues in her second assignment of error that the trial court committed prejudicial error by not granting her request to file an amended answer and counterclaim. However, in a September 4, 2001 judgment entry, the court clearly ordered that her request to file an amended answer and counterclaim "shall be permitted provided it is filed within 14 days of the date of this entry." Thus, Kerner bears the consequences of her inaction. Accordingly, her second assignment of error is wholly without merit and is hereby overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] Emphasis added.
[2] Taylor v. Nickston Investments (Nov. 17, 1992), Franklin App. No. 92AP-508.
[3] Id.
[4] Bailey v. Frasher (Aug. 23, 1996), Lawrence App. No. 95 CA 20.